FILED
CLERK, U.S. DISTRICT COURT

MAR 30 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: RS

Received 3/29/18
(Date)

Scanned at LAC and E-mailed
on 3/29/18 by AF
(Date)    (Initials)

Number of pages scanned:
48  50 AF

BRUCE ALLEN
FULL NAME

N/A
COMMITTED NAME (if different)

P.O. Box 4430, FAB1-146, Lancaster, CA 93539
FULL ADDRESS INCLUDING NAME OF INSTITUTION

Los Angeles County-Lancaster State Prison

CDCR# C-61243
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BRUCE ALLEN

PLAINTIFF,

v.

SCOTT KERNAN; DEBBIE ASUNCION; S. MORRIS; A.M. CHEN;
IQBAL MUNIR; GIAN HERNANDEZ; MANISH MEHTA,

DEFENDANT(S).

CASE NUMBER 2:18-CV-02586-AB-RAO

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT
PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes    ☐ No

2. If your answer to "1." is yes, how many? **One.**

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   Plaintiff claimed that the California Board of Prison Terms violated his Due Process rights under the Fourteenth Amendment due to their failure to provide Plaintiff with a "post-conviction review hearing" to determine whether he is suitable for commutation of his sentence.

a. Parties to this previous lawsuit:
Plaintiff _BRUCE ALLEN_

Defendants _James Davis, CA Board of Prison Terms._

b. Court _UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA._

c. Docket or case number _06-2291 L (JMA)._

d. Name of judge to whom case was assigned _M. James Lorenz, U.S. District Court Judge._

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _Order Sua Sponte Dismissing Complaint, Failure to state a Claim._

f. Issues raised: _Due Process Violation._

g. Approximate date of filing lawsuit: _2007._

h. Approximate date of disposition _April 9, 2007._

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _N/A_

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not _N/A_

4. Please attach copies of papers related to the grievance procedure. **(ATTACHMENT A-22, (6 pages).**

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _BRUCE ALLEN_
(print plaintiff's name)

who presently resides at _CDCR# C-61243, P.O. BOX 4430, FAB1-146, LANCASTER, CA 93539_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_Los Angeles County-Lancaster State Prison._
(institution/city where violation occurred)

"Eighth Amendment
violation
Deliberate indifference"

on (date or dates) _____, _____, _____.
                        (Claim I)                (Claim II)              (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant   **SCOTT KERNAN,** _____ resides or works at
                 (full name of first defendant)
                (CDCR), P.O. Box 942993, Sacramento, CA 94283-0001
                 (full address of first defendant)
                Secretary of the California Department of Corrections and Rehabilitation.
                 (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:
He is legally responsible for the overall operation of the Department and each institution under
its jurisdiction.

2.   Defendant   **DEBBIE ASUNCION** _____ resides or works at
                 (full name of first defendant)
                44750 60th Street West, Lancaster, CA 93536
                 (full address of first defendant)
                WARDEN, California State Prison-Los Angeles County.
                 (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:
She is legally responsible for the operation of Lancaster State Prison (CSP-LAC) and for the
welfare of all the inmates in that prison.

3.   Defendant   **S. Morris** _____ resides or works at
                 (full name of first defendant)
                44750 60th Street West, Lancaster, CA 93536
                 (full address of first defendant)
                Chief Medical Executive
                 (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:
He supervises the delivery of health care services at Los Angeles County-Lancaster State Prison.

"Eighth Amendment
violation
Deliberate indifference"

on (date or dates) _____ .  _____
　　　　　　　　　　　　(Claim I)　　　　　　　　　(Claim II)　　　　　　　　(Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant **A.M. Chen** _____ resides or works at
　　　　　　(full name of first defendant)
　　　　　44750 60th Street West, Lancaster, CA 93536
　　　　　(full address of first defendant)
　　　　　Licensed Physician, employed at (CSP-LAC).
　　　　　(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

She is responsible for the adequacy and quality of health care rendered to inmates/patients who are incarcerated at Los Angeles County-Lancaster State Prison.

2. Defendant **Iqbal Munir** _____ resides or works at
　　　　　　(full name of first defendant)
　　　　　44750 60th Street West, Lancaster, CA 93536
　　　　　(full address of first defendant)
　　　　　Licensed Physician, employed by (CSP-LAC).
　　　　　(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

He is responsible for the adequacy and quality of health care rendered to inmates/patients who are incarcerated at Los Angeles County-Lancaster State Prison.

3. Defendant **Gian Hernandez** _____ resides or works at
　　　　　　(full name of first defendant)
　　　　　44750 60th Street West, Lancaster, CA 93536
　　　　　(full address of first defendant)
　　　　　Licensed Physician, employed at (CSP-LAC).
　　　　　(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

He is responsible for the adequacy and quality of health care rendered to inmates/patients who are incarcerated at Los Angeles County-Lancaster State Prison.

---

**CIVIL RIGHTS COMPLAINT**

4. Defendant   **Manish Mehta** _____ resides or works at
   (full name of first defendant)

   44750 60th Street West, Lancaster, CA 93536 _____
   (full address of first defendant)

   Licensed Physician, employed at (CSP-LAC). _____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

He is responsible for the adequacy and quality of health care rendered to inmate/patients who are
incarcerated at Los Angeles County-Lancaster State Prison.

5. Defendant   **N/A** _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

## D. CLAIMS*

**CLAIM I**

The following civil right has been violated:

Refer to attached Complaint under the Civil Rights Act 42 U.S.C. § 1983.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Refer to attached Complaint under the Civil Rights Act 42 U.S.C. § 1983.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

Refer to attached Complaint under the Civil Rights Act 42 U.S.C. § 1983.

March 29, 2018
*(Date)*

_____
*(Signature of Plaintiff)*

1 of 6     EXHIBIT A-22

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION
**PATIENT-INMATE HEALTH CARE APPEAL**
CDCR 602 HC (REV. 6/13)                                                                                        Page 1 of 2

| STAFF USE ONLY | | | Institution: | Log #: | Category: |
|---|---|---|---|---|---|
| Emergency Appeal | ☐ Yes | ☐ No | *LACHC* | *17053692* | |
| Signature: | | Date: | | *FOR STAFF USE ONLY* | |

You may appeal any medical, mental health, or dental decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    WRITE, PRINT, or TYPE CLEARLY.

| Name (Last, First): | CDCR Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| ALLEN, BRUCE | C-61243 | FAB1-139L | N/A |

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):
MEDICAL NEGLIGENCE.

**SECTION A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A): Beginning at 8/7/2015, I informed my Primary Health Care Physicians at Los Angeles County-Lancaster State Prison (CSP-LAC) on numerous occasions that I was experiencing great physical discomfort, severe lower back pain,
(CONTINUE CDCR FORM 602-A)

**SECTION B.** Action requested (If you need more space, use Section B of the CDCR 602-A): 1)Petitioner is willing to settle this matter through a mutually agreed compensation sum certain to address the long term needs of my degenerative and permanent injuries.  2) That I receive Health Care at Eighth Amendment standards.

☒ Supporting Documents: Refer to CCR 3084.3.
List supporting documents attached (e.g., Trust Account Statement; CDCR 7410, Comprehensive
Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.):     1) Medical Operation Report, 01/03/17.
1) Health Care Physician Request Form; 19) Health Care Request Forms; 1) Blood test results; 1) Inmate consult.

☐ No, I have not attached any supporting documents. Reason :_____

Patient-Inmate Signature: *Bruce Allen*          Date Submitted: 4·23·17
☐ By placing my initials in this box, I waive my right to receive an interview.

| SECTION C. FIRST LEVEL - Staff Use Only | Check One: Is CDCR 602-A attached? | ☐ Yes ☐ No |
|---|---|---|
| This appeal has been: | Check One: Is this a recatergorized/converted 1824? | ☐ Yes ☐ No |

☐ Bypassed at the First Level of Review. Go to Section E.
☒ Rejected (See attached letter for instruction): Date: 5/9/17   Date:_____ Date:_____ Date:_____
☐ Cancelled (See attached letter): Date:_____
☐ Accepted   Assigned to: _____ Title:_____ Date Assigned:_____ Date Due:_____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview:_____ Interview Location:_____
Your appeal issue is: ☐ Granted ☐ Granted in part ☐ Denied ☐ Other:_____
See attached letter. If dissatisfied with First Level response, complete Section D.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted? ☒ Yes ☐ No | |
|---|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ P/I asked questions | Interviewer:_____ | Title: *RN* |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | (Print Name) | |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** | Signature:_____ | Date completed: 6/5/17 |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | | |
| ☐ Not Applicable | ☐ Other* | *see chrono/notes | Reviewer:_____ | Title:_____ |
| 4. Comments: | | 12.9 | (Print Name) | |
| | | | Signature:_____ | *UVDASS* |

| HCAC Use Only | HCAC Use Only |
|---|---|
| Date received by HCAC:_____ | Date closed and mailed/delivered to appellant:_____ |

Received                Received          COMPLETED        RECEIVED        COMPLETED
APR 2 5 2017      MAY 1 2 2017                            1 CAB           HCCAB
                                        JUN 14 2017     JUL 0 3 2017      SEP 2 6 2017
HC Appeals CSP-LAC   HC Appeals CSP-LAC                  HC APPEALS

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

PATIENT-INMATE HEALTH CARE APPEAL                          *LAC HC 17053692* Page 2 of 2
CDCR 602 HC (Rev. 06/13)

**SECTION D.** If you are dissatisfied with the **First Level response**, explain the reason below, attach supporting documents and submit to the Health Care Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

BYPASS

Patient-Inmate Signature: _____                    Date Submitted: _____

| **SECTION E. SECOND LEVEL - Staff Use Only** | Check One: Is CDCR 602-A attached?  ☒Yes ☐No |
|---|---|

This appeal has been:                              Check One: Is this a recategorized/converted 1824?  ☐Yes ☒No

☐ Bypassed at Second Level of Review. Go to Section G.

☐ Rejected (See attached letter for instruction):    Date: _____ Date: _____ Date: _____ Date: _____

☐ Cancelled (See attached letter):                  Date: _____

☒ Accepted   Assigned to: _Nursing_____ Title: _____ Date Assigned: 5/31/17 Date Due 6/23/17

Second Level Responder: Complete a Second Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: 6-5-17    Interview Location: _____

Your appeal issue is:   ☐ Granted  ☒ Granted in part  ☐ Denied    ☐ Other:_____
See attached letter.  If dissatisfied with Second Level response, complete Section F.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted?  ☒Yes ☐No |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ P/I asked questions | Interviewer: _J_____ Title: RN |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** | Signature: _____ Date completed: 6/5/ |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | |
| ☒ Not Applicable | ☐ Other* | *See chrono/notes | Reviewer: _W_____ Nursing Title: _____ |
| 4.Comments: | Tabe 12.9 | | (Print Name) |
| | | | Signature: ✓ |

| HCAC Use Only | HCAC Use Only | JUN 14 2017 |
|---|---|---|
| Date received by HCAC:_____ | Date closed and mailed/delivered to appellant: _____ | |

**SECTION F.** If you are dissatisfied with the **Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response. Mail to: Health Care Appeals, ATTN: Chief, Building C, P.O. Box 588500, Elk Grove, CA 95758. If you need more space, use Section F of the CDCR 602-A.

Dissatisfied. The SECOND LEVEL response did not acknowledge the medical negligence and deliberate indifference committed in my case, which caused me significant degenerative and permanent injuries. Even though there are numerous medical documents verifying my claims. The failure of (CSP-LAC) medical officials to properly diagnose the nature of the infections (CONTINUE Section F, CDCR 602 Form)

Patient-Inmate Signature: Bruce Allen    Date Submitted: 6.29.2017

| **SECTION G. THIRD LEVEL - Staff Use Only** | | |
|---|---|---|

☐ Rejected (See attached letter for instruction):    Date: _____ Date: _____ Date: _____ Date: _____

☐ Cancelled (See attached letter):                  Date: _____

☒ Accepted at the Third Level of Review

Your appeal is:   ☐ Granted  ☐ Granted in part  ☒ Denied    ☐ Other:_____

See attached Third Level response.           Third Level Use Only        SEP 26 2017
                                             Date closed and mailed/delivered to appellant: _____

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

Patient-Inmate Signature: _____                    Date Submitted: _____

Print Staff Name: _____ Title: _____ Signature:_____ Date:_____

STAFF USE ONLY

2 of 6

EXHIBIT A-22

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)                                                                                            Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | LAC HC 17053692 | | |
| | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| ALLEN, BRUCE | C-61243 | FAB1-139L | N/A |

**A.  Continuation of CDCR 602, Section A only** (Explain your Issue): recurring infections within the
tissue of my mouth, and agonizing muscle and joint pain. ~~XXXXXXXXXXXXXXXXXXXX~~
~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~.  On 12/27/2016, I became incapacitated due to
the progression of the undiagnosed illness, and was admitted to a Off-Site Hospital.
(See Health Care Physician Form, dated 12/27/2016, attached as Exhibit 'R').  On 12/28/
2016, my blood test revealed that I had the medical condition of 'VALLEY FEVER' (cocci-
dioidomycosis).  On 12/31/2016, I was given consultation by a neurosurgeon at the Hos-
pital who informed of the extent of my illness.  (See Inmate Consultation Sheets, dated
12/31/2016, attached as Exhibit 'S').  On 01/03/2017, I underwent spine surgery to
treat a severe infection of my spine caused by Valley Fever. (See Operation Report
Sheet, dated 01/03/2017, attached as Exhibit 'T').  On April 3, 2017, I received copies
of my medical records in order to initiate this complaint of Medical Negligence in my
case by medical officials at (CSP-LAC).  For approximately 2 years and 4 months, I
continually sought and expressed my need for medical help to medical officials at
(CSP-LAC) to determine the cause of my severe infections and illness, my pleas were
treated with skeptical attitudes, and they failed to take the appropriate actions to
diagnose my severe illness.  As a result of the failure of medical officials to pro-
vide me with basic health care testing, I remained infected with Valley Fever for appro-
ximately 2 years and 4 months.  I have suffered degenerative and permanent injuries.

Inmate/Parolee Signature: Bruce Allen                  Date Submitted: 4·23·17

Received
APR 25 2017
HC Appeals CSP-LAC

Received
MAY 12 2017
HC Appeals CSP-LAC

COMPLETED
JUN 14 2017
HC Appeals CSP-LAC

RECEIVED
JUL 03 2017
HC APPEALS

**B.  Continuation of CDCR 602, Section B only** (Action requested):

Inmate/Parolee Signature: _____                  Date Submitted: _____

COMPLETED
HCCAB
SEP 26 2017

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

*LAC HC 170S3692*                    Side 2

DEPARTMENT OF CORRECTIONS AND REHABILITATION

D.  Continuation of CDCR 602,  Section D only (Dissatisfied with First Level response): _____

Inmate/Parolee Signature: _____          Date Submitted: _____

F.  Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):  that I contracted frequently over the course of two years and four months resulted in what has become a chronic, debilitating and ultimately life changing injury.  I have suffered significant and permanent injury due to medical negligence and deliberate indifference by (CSP-LAC) medical officials.  Compensatory damages in my case are warrented and demanded.  Conclusion.

Inmate/Parolee Signature:  Bruce Allen          Date Submitted:  6·29·2017



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



## Institution Response for Second Level HC Appeal

**Date:** 6/7/2017

**To:** ALLEN, BRUCE (C61243)
A 001 1139001L
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**Tracking/Log #:** LAC HC 17053692

**Appeal Issues:**
In your CDCR-602HC Inmate/Parolee Health Care Appeal Form received on 5/12/2017, you indicated:

| Issue Type | Action Requested |
|---|---|
| **Issue 1:** Administrative ( Monetary Compensation ) | Requesting compensation for failure of medical officials to provide him with basic health care testing for Valley Fever for approximately two years and four months. He is willing to settle his long term needs of his degenerative and permanent injuries. |

**Issue 2:** Administrative ( Policy & Procedure ) To receive health care at the Eighth Amendment standards.

**Interview:**
You were interviewed by J. Sisson on 6/5/17 regarding this appeal. During the interview, you were allowed the opportunity to fully explain your appeal issue(s).

**Response:**

**The First Level of Review**, received on 5/12/2017, was bypassed as per CCR Title 15, 3084.7(a). The Chief, Inmate Correspondence and Appeals Branch directs that the First Level appeal response be bypassed due to currently existing extenuating circumstances in the appeals office at California State Prison-Los Angeles County that prevent the timely resolution of your First Level of appeal review and response. Therefore, your appeal issues and requests will be addressed at the Second Level of Review (SLR).

The Second Level Appeal, received on 5/12/2017 indicated – Refer to Patient-Inmate Health Care Appeal, CDCR 602 HC and Inmate/Parolee Appeal Form Attachment, CDCR 602-A dated 4/23/2017 for full details.

You are requesting to settle this matter through a mutually agreed compensation to address the long term needs of your degenerative and permanent injuries. Please be advised, compensation is outside the scope of the medical appeal process.

You are requesting to receive health care at Eight Amendment Standards. A review of your medical record shows that you have been evaluated and treated appropriately and in accordance with CCR Title 15, Section 3350 (a)(b)(1)(4)(5). You will continue to receive ongoing clinical assessment and care in accordance to Policy and Procedures per CCHCS guidelines.

At the Second Level of Review this appeal was partially granted

Your appeal with attachment(s), Unit Health Record (UHR), and all pertinent departmental policies and procedures were reviewed.

**Appeal Decision:**
Based upon the aforementioned information, your appeal is partially granted.



S. MORRIS, DO
Chief Medical Executive
California State Prison – LA County

RECEIVED
I CAB
JUL 0 3 2017
HC APPEALS

 **CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES


**Date:** SEP 2 6 2017

**To:** ALLEN, BRUCE (C61243)
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**From:** California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking/Log # :**   LAC HC 17053692

This appeal was reviewed by Health Care Correspondence and Appeals Branch staff on behalf of the Deputy Director, Policy and Risk Management Services. All submitted information has been considered.

## DIRECTOR'S LEVEL DECISION:

Appeal is denied. This decision exhausts your administrative remedies.

## APPEAL REQUESTS:

You are requesting:
- Compensation of a mutually agreed upon sum to address the long term needs of your degenerative and permanent injuries.
- Health Care at Eighth Amendment standards.

## BASIS FOR DIRECTOR'S LEVEL DECISION:

Your appeal file and documents obtained from your Unit Health Record were reviewed by staff.

You are enrolled in the Chronic Care Program, where your medical conditions and medication needs are closely monitored.  Your medical records support you having received evaluation and treatment for your Valley Fever condition as determined medically necessary including, but not limited to: primary care provider evaluations; pulmonary evaluation; registered nurse evaluations; and Valley Fever medication (voriconazole). You have received primary care provider evaluations to September 13, 2017.  Progress notes indicate there is a plan of care in place and the primary care provider has discussed the plan of care with you.  If you have additional health care needs, you are advised to utilize the CDC 7362, Health Care Services Request Form, process to access health care services in accordance with California Correctional Health Care Services policy.

Monetary compensation is outside the jurisdiction of the health care appeals process.

While you may not agree with the medical decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your medical needs.

Per California Code of Regulations, Title 15, Section 3004(a), "Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees.  Inmates and parolees have the responsibility to treat others in the same manner."  Additionally, per the Inmate Medical Services Policies and Procedures, Volume 1, Chapter

EXHIBIT A-22

B.ALLEN, C61243
LAC HC 17053692
Page 2 of 2

11, Patients' Rights Policy, the individual patient's rights are maintained in concurrence with established medical ethics and to preserve the basic human dignity of the patient. Certain rights may be limited by reasonable application of security regulations.

After review, no intervention at the Director's Level of Review is necessary as your medical condition has been evaluated and you are receiving treatment deemed medically necessary.

**RULES AND REGULATIONS:**

The rules governing these issues are: California Code of Regulations, Title 15; Inmate Medical Services Policies and Procedures; and the Department Operations Manual.

**ORDER:**

No changes or modifications are required by the institution.

J. Lewis, Deputy Director
Policy and Risk Management Services
California Correctional Health Care Services

1   BRUCE ALLEN
    CDCR# C-61243
2   P.O. BOX 4430, FAB1-146
    LANCASTER, CALIFORNIA 93539
3

4

5

6                   UNITED STATES DISTRICT COURT

7                 CENTRAL DISTRICT OF CALIFORNIA

8                         WESTERN DIVISION

9

10  BRUCE ALLEN,                    )   Civil Action No.
                                    )
11              Plaintiff,          )   COMPLAINT
                                    )   42 U.S.C. § 1983
12        v.                        )
                                    )
13  SCOTT KERNAN, Secretary,        )   FOR DAMAGES, DECLARATORY AND
    California Department of        )   INJUNCTIVE RELIEF
14  Corrections & Rehabilitation    )
    (CDCR), in his Official         )
15  Capacity; DEBBIE ASUNCION,      )
    Warden, California State        )
16  Prison, Los Angeles County      )
    (CSP-LAC), in her Official      )
17  Capacity; Dr. S. MORRIS,        )
    Chief Medical Executive         )
18  (CSP-LAC), Individually and     )
    in his Official Capacity;       )
19  Dr. A.M. CHEN, Licensed         )
    Physician, (CSP-LAC),           )
20  Individually and in her         )
    Official Capacity; Dr. Iqbal    )
21  MUNIR, Licensed Physician,      )
    (CSP-LAC), Individually and in  )
22  his Official Capacity;          )
    Dr. GIAN HERNANDEZ, Licensed    )
23  Physician, (CSP-LAC),           )
    Individually and in his Official)
24  Capacity; Dr. MANISH MEHTA,     )
    Licensed Physician, (CSP-LAC),  )
25  Individually and in his Official)   DEMAND FOR JURY TRIAL
    Capacity,                       )
26                                  )
                                    )
27              Defendants.         )
                                    )
28  _____)

## I. JURISDICTION & VENUE

1.    This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.  The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3).  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.  Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.    The Central District of California Western Division is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) becuase it is where the events giving rise to this claim occurred.

## II. PLAINTIFFS

3.    Plaintiff, BRUCE ALLEN, is and was at all times mentioned herein a prisoner of the State of California in the custody of the California Department of Corrections and Rehabilitation (CDCR).  He is currently confined in Los Angeles County-Lancaster State Prison (CSP-LAC), in Lancaster, California.

## III. DEFENDANTS

4.    Defendant, SCOTT KERNAN, is the Secretary of the state of California Department of Corrections and Rehabilitation.  He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Los Angeles County-Lancaster State Prison.  And is being sued in his official capacity.  Defendant Kernan failed to ensure that Plaintiff was afforded an acceptable level of medical care in accordance with Eighth Amendment Constitutional standards.  Defendant Kernan has the authority  to ensure that any injunctive relief ordered by by this Court is properly carried out by subordinate Defendant employees.

5.    Defendant, DEBBIE ASUNCION, is the Warden of Los Angeles County-Lancaster State Prison.  She is legally responsible for the operation of Lancaster State

1

1  Prison (CSP-LAC) and for the welfare of all the inmates in that prison.  And
2  is being sued in her official capacity.  Defendant Asuncion failed to ensure
3  that Plaintiff was afforded an acceptable level of medical care in accordance
4  with Eighth Amendment Constitutional standards.  Defendant Asuncion has the
5  authority to ensure that any injunctive relief ordered by this Court is prop-
6  erly carried out by subordinate Defendant employees.

7  6.    Defendant, Dr. S. Morris is, and during time periods relevant to the
8  claims alleged in this lawsuit has been, employed as Chief Medical Executive
9  (CCHCS LAC) at Los Angeles County-Lancaster State Prison, in Lancaster, Cali-
10  fornia, and is being sued in his individual and official capacities.  As Chief
11  Medical Executive, Defendant S. Morris is a licensed physician who provides
12  clinical management, supervision and leadership to all medical clinicians and
13  supervises the delivery of health care services at Los Angeles County-Lancaster
14  State Prison.  The Chief Medical Executive also has specific responsibilities
15  under California laws and regulations.  Defendant S. Morris failed to ensure
16  that Plaintiff was afforded an acceptable level of medical care in accordance
17  with Eighth Amendment Constitutional standards.  Defendant S. Morris failed to
18  properly train or supervise the prison medical staff in the implementation of
19  the California Correctional Health Care Services, Public Health 10.10.1
20  Coccidioidomycosis (cocci) Skin Test Policy, which denied, and delayed the
21  diagnosis of Plaintiff's Valley Fever infection for over One Year and Seven
22  months.  Medical staffs refusal to provide Plaintiff a (cocci) Skin/Blood test
23  treatment over the course of (19 months) amounts to "deliberate indifference to
24  a serious medical need."  Defendant Dr. S. Morris, as Chief Medical Executive
25  is responsible for the implementation, monitoring, and evaluation of the Public
26  Health 10.10.1 Coccidioidomycosis (cocci) Skin Test Policy at Los Angeles
27  County-Lancaster State Prison.

28  7.    Defendant, Dr. A.M. Chen is, and during time periods relevant to the

2

1  claims alleged in this lawsuit has been, employed as a Licensed Physician at
2  Los Angeles County-Lancaster State Prison, in Lancaster, California, and is
3  being sued in her individual and official capacities.  Dr. A.M. Chen, is pro-
4  fessional Medical Staff employed by the California Department of Corrections
5  and Rehabilitation (CDCR), and is responsible for the adequacy and quality of
6  health care rendered to inmate/patients who are incarcerated at Los Angeles
7  County-Lancaster State Prison.  Defendant A.M. Chen failed to ensure that
8  Plaintiff was afforded an acceptable level of medical care in accordance with
9  Eighth Amendment Constitutional standards.  Defendant, Dr. A.M. Chen failed to
10 perform tests for Coccidioidomycosis (cocci, Valley Fever) disease in Plaintiff
11 with symptoms that called for them.  Defendant, Dr. A.M. Chen' refusal to
12 provide Plaintiff a (cocci) Skin/Blood test treatment, denied, and delayed the
13 diagnosis of Plaintiff's Valley Fever infection for over (19 months) and
14 amounts to "deliberate indifference to a serious medical need."
15 8.    Defendant, Dr. Iqbal Munir is, and during time periods relevant to the
16 claims alleged in this lawsuit has been, employed as a Licensed Physician at
17 Los Angeles County-Lancaster State Prison, in Lancaster, California, and is
18 being sued in his individual and official capacities.  Dr. Iqbal Munir, is pro-
19 fessional Medical Staff employed by the California Department of Corrections
20 and Rehabilitation (CDCR), and is responsible for the adequacy and quality of
21 health care rendered to inmate/patients who are incarcerated at Los Angeles
22 County-Lancaster State Prison.  Defendant Iqbal Munir failed to ensure that
23 Plaintiff was afforded an acceptable level of medical care in accordance with
24 Eighth Amendment Constitutional standards.  Defendant, Dr. Iqbal Munir failed
25 to perform tests for Coccidioidomycosis (cocci, Valley Fever) disease in
26 Plaintiff with symptoms that called for them.  Defendant, Dr. Iqbal Munir'
27 refusal to provide Plaintiff a (cocci) Skin/Blood test treatment, denied, and
28 delayed the diagnosis of Plaintiff's Valley Fever infection for over (19 months)

3

1  and amounts to "deliberate indifference to a serious medical need."

2  9.    Defendant, Dr. Gian Hernandez is, and during time periods relevant to the

3  claims alleged in this lawsuit has been, employed as a Licensed Physician at

4  Los Angeles County-Lancaster State Prison, in Lancaster, California, and is

5  being sued in his individual and official capacities. Dr. Gian Hernandez, is

6  professional medical staff employed by the California Department of Corrections

7  and Rehabilitation (CDCR), and is responsible for the adequacy and quality of

8  health care rendered to inmate/patients who are incarcerated at Los Angeles

9  County-Lancaster State Prison. Defendant Gian Hernandez failed to ensure that

10 Plaintiff was afforded an acceptable level of medical care in accordance with

11 Eighth Amendment Constitutional standards. Defendant, Dr. Gian Hernandez

12 failed to perform tests for Coccidioidomycosis (cocci, Valley Fever) disease

13 in Plaintiff with symptoms that called for them. Defendant, Dr. Gian Hernandez

14 refusal to provide Plaintiff a (cocci) Skin/Blood test treatment, denied, and

15 delayed the diagnosis of Plaintiff's Valley Fever infection for over (19 months)

16 and amounts to "deliberate indifference to a serious medical need."

17 10.   Defendant, Dr. Manish Mehta is, and during time periods relevant to the

18 claims alleged in this lawsuit has been, employed as a Licensed Physician at

19 Los Angeles County-Lancaster State Prison, in Lancaster, California, and is

20 being sued in his individual and official capacities. Dr. Manish Mehta, is

21 professional medical staff employed by the California Department of Corrections

22 and Rehabilitation (CDCR), and is responsible for the adequacy and quality of

23 health care rendered to inmate/patients who are incarcerated at Los Angeles

24 County-Lancaster State Prison. Defendant Manish Mehta failed to ensure that

25 Plaintiff was afforded an acceptable level of medical care in accordance with

26 Eighth Amendment Constitutional standards. Defendant, Dr. Manish Mehta failed

27 to perform tests for Coccidioidomycosis (cocci, Valley Fever) disease in

28 Plaintiff with symptoms that called for them. Defendant, Dr. Manish Mehta'

1  refusal to provide Plaintiff a (cocci) Skin/Blood test treatment, denied, and
2  delayed the diagnosis of Plaintiff's Valley Fever infection for over (19 months)
3  and amounts to "deliberate indifference to a serious medical need."

4  11.    Each defendant is sued individually and in his/her official capacity.
5  At all times mentioned in this complaint each defendant acted under the color
6  of state law.

7                           III. FACTS

8  12.    At all times relevant to this case, Plaintiff BRUCE ALLEN was incar-
9  cerated at Los Angeles County-Lancaster State Prison, Facility A (PPF).

10 13.    On May 23, 2015, Bruce Allen was interviewed by Defendant Dr. A.M. Chen.
11 Allen informed Dr. Chen that he was experiencing significant and escalating
12 joint and back pain.  Allen also informed Dr. Chen that he had not suffered a
13 recent injury of any kind that would cause the pain.  Dr. Chen was Allen's
14 current primary care provider at Lancaster State Prison (CSP-LAC).  Dr. Chen
15 prescribed IBUPROFEN pain medication.  See medication history sheet attached as
16 Exhibit A.

17 14.    On August 7, 2015, Allen submitted a CDC 7362 Health Care Request form
18 to the (CSP-LAC) facility A medical clinic informing medical officials that he
19 was experiencing illness, nausea, skin sensitivity, mouth sores.  See CDCR 7362
20 Health Care form attached as Exhibit B.

21 15.    On August 10, 2015, Allen was interviewed by Dr. A.M. Chen.  Dr. Chen
22 diagnosed Allen's medical condition as an "infection".  Dr. Chen prescribed
23 "antibiotics" (Amoxicillin).  See medication history sheet attached as Exhibit
24 C.

25 16.    On August 19, 2015, Allen submitted a CDC 7362 Health Care Request form
26 to the (CSP-LAC) facility A medical clinic informing medical officials that,
27 "the antibiotic prescription has had no effect on the infected tissue within
28 my mouth.  I was experiencing bruising, sores, pain in my tongue, and consider-

able pain in the tissue of my inner mouth." Dr. Chen informed me that my medical condition may be caused by a nervous condition and anxiety. I was not provided treatment. See CDC 7362 Health Care form attached as Exhibit **D**.

17.   On October 19, 2015, Allen submitted a CDC 7362 Health Care Request form to the (CSP-LAC) facility A medica clinic informing medical officials that, "I was experiencing pain and inflammation of my tongue and tissue within my mouth, and I believe that an infection has developed within the tissue of my mouth. The condition has existed for approximately two and a half months, since late July 2015." I was not provided treatment. See CDC 7362 Health Care form attached as Exhibit **E**.

18.   On November 18, 2015, Allen submitted a CDC 7362 Health Care Request form to the (CSP-LAC) facility A medical clinic informing medical officials that, "I was experiencing pain and inflammation of the tissue within my mouth. I believe that an infection has developed within the tissue of my mouth. This is the THIRD time that the condition has developed since late July." See CDC 7362 Health Care form attached as Exhibit **F**.

19.   On November 20, 2015, Allen was interviewed by Dr. A.M. Chen. At this date Dr. Chen acknowledged and documented that Allen's recurring infections were of an unknown origin. Allen had suffered approximately 6 months without being provided a blood test to diagnose the source of the recurring infections. See Physicians Order for Medication Sheet (A 001 1103001L) attached as Exhibit G.

20.   On December 22, 2015, Allen was interviewed by Dr. A.M. Chen. Allen informed Dr. Chen that, "his infection illnesses continued to progress and are becoming more severe. Allen informed Dr. Chen that, "he was experirncing a high level of pain throughout his body." Dr. Chen prescribed Ibuprofen pain medi- cation. See medication history sheet attached as Exhibit **H**.

21.   On March 4, 2016, Allen submitted a CDC 7362 Health Care Request form to

6

the (CSP-LAC) facility A medical clinic informing medical officials that, "I
was experiencing chronic muscle and joint pain, my blood pressure is unstable,
I am in a constant state of illness." I was not provided treatment. See CDC
7362 Health Care form attached as Exhibit I.

22.   On April 11, 2016, Allen submitted a CDC 7362 Health Care Request form
to the (CSP-LAC) facility A medical clinic informing medical officials that,
"an infection has developed within the tissue of my mouth." I was not provided
treatment. See 7362 Health Care form attached as Exhibit J.

23.   On June 16, 2016, Allen submitted a CDC 7362 medical Care Request form
to the (CSP-LAC) facility A medical clinic informing medical officials that,
"since July 2015, I have experienced a undiagnosed illness involving the tissue
within my mouth, continuous pain and discomfort, a greatly diminished sense of
taste, illness is demonstrating signs of progressing." I was not provided
treatment. See CDC 7362 Health Care form attached as Exhibit K.

24.   On June 27, 2016, Allen was interviewed by Dr. R. Visico, D.D.S. (the
resident dentist) at (CSP-LAC) facility A. Dr. Visico documented Allen's
history of oral infections and tissue ulcerations and referred Allen to a oral
surgeon. See Physicians Order for medication sheet attached as Exhibit L.

25.   On June 30, 2016, Allen submitted a CDC 7362 Health Care Request form to
the (CSP-LAC) Central Treatment Center (CTC) Public Health Department informing
medical officials that, "since July 2015, I have developed an illness that
remains undiagnosed by medical officials at (CSP-LAC), I am requesting a full
range of sexually transmitted disease (STD) testing to determine the presence
of disease within my body." The request was received by the Public Health
Nurse (P. Hynes), and then forwarded to Dr. Manish Mehta to order blood tests
on Allen. At this time, Dr. Manish Mehta was Allen's primary care provider.
I was not provided blood tests. I was not provided treatment. Allen had now
suffered approximately 1 year without blood tests to diagnose the source of his

7

1  recurring infections.  See 7362 Health Care form attached as Exhibit **M**.

2  26.   On July 11, 2016, Allen submitted a CDC 7362 Health Care Request form to

3  the (CSP-LAC) facility A medical clinic informing medical officials that, "I

4  have a <u>undiagnosed</u> illness, I am experiencing continued weight loss, fatigue,

5  night sweats, high level of lower back pain, constant sickness, ulceration of

6  the tissue within my mouth, blemishes and pain on the surface of my tongue, <u>I</u>

7  <u>am requesting "testing" for disease within my body</u>."  I was not provided treat-

8  ment.  See CDC 7362 Health Care form attached as Exhibit **N**.

9  27.   On August 8, 2016, Allen was interviewed by Defendant Dr. Manish Mehta.

10 Allen informed Dr. Mehta of his undiagnosed illness that he had experienced for

11 over 1 year, recurring infections, and continued weight loss.  Dr. Mehta docu-

12 mented Allen's weight loss, and noted that Allen "appeared thin."  I was not

13 provided treatment.  See Primary Care Provider Progress Note CDCR 7230-M

14 attached as Exhibit **O**.

15 28.   On August 12, 2016, Allen was interviewed by Dr. Manish Mehta.  Allen

16 informed Dr. Mehta that, "he was experiencing <u>severe lower back pain (at a level</u>

17 <u>of 8 on a scale of 10)</u>, and a tingling sensation all throughout my body."  I

18 was not provided treatment.  See Primary Care Provider Progress Note CDCR 7230-

19 M attached as Exhibit **P**.

20 29.   On September 6, 2016, Allen submitted a CDC 7362 Health Care Request form

21 to the (CSP-LAC) facility A medical clinic informing medical officials that, "I

22 was experiencing <u>severe lower back and right hip pain</u>."  I was not provided

23 treatment.  See CDC 7362 Health Care form attached as Exhibit **Q**.

24 30.   On September 21, 2016, Allen submitted a CDC 7362 Health Care Request

25 form to the (CSP-LAC) facility A Dental clinic informing medical officials that,

26 "I am experiencing ulceration of the tissue within my mouth.  <u>I believe that</u>

27 <u>one of the areas have become infected</u>."  I was not provided treatment.  See

28 CDC 7362 Health Care form attached as Exhibit **R**.

31.     On September 21, 2016, Allen was interviewed by Dr. Manish Mehta.  Allen informed Dr. Mehta of the, "infected ulcerated tissue within his mouth, right hip and severe lower back pain, and requested an Magnetic Resonance Imaging (MRI) test to determine tissue and muscle damage in my back and hip joint." Allen was not provided blood tests or a (MRI) to diagnose the source of his serious and prolonged illness.  See CDC 7362 Health Care form (2 pages), and Primary Care Provider Progress Note attached as Exhibit S (1 page).

32.     On September 28, 2016, Allen submitted a CDC 7362 Health Care Request form to the (CSP-LAC) facility A medical clinic informing medical officials that, "my severe lower back pain and right hip pain is persistent.  I have suffered partial paralysis of my right leg."  I was interviewed by Defendant Dr. Gian Hernandez, who at that time was Allen's Primary Care Provider.  I was not provided blood tests or a (MRI) to diagnose the source of my serious and prolonged illness.  See CDC Health Care form attached as Exhibit T.

33.     On September 28, 2016, Allen was interviewed by Defendant Dr. Iqbal Munir, who at that time was Allen's Primary Care Provider.  Allen informed Dr. Munir of his severe back pain, and the ulcerated tissue within his mouth that had persisted continuously for over a year.  Dr. Munir acknowledged and documented Allen's medical condition of lower back pain and oral ulcerations. This interview took place at (CSP-LAC) Central Treatment Center (CTC).  Allen's medical condition was ignored by Dr. Munir.  I was not provided treatment for for my serious and prolonged medical condition.  See TTA Medical Provider Progress Note and Interdisciplinary Progress Notes attached as Exhibit U.

34.     On September 28, 2016, Dr. Munir documented and consulted with a physician who is also employed by the California Department of Corrections and Rehabilitation as a medical professional, (Dr. Lee).  Defendant Dr. Manish Mehta was also included in the consultation.  Dr. Munir expressed concerns to Dr. Lee and to Dr. Mehta regarding Allen's information that, "he is experienc-

9

1  ing severe back pain, hip pain, excessive sweating, continued weight loss."
2  Defendants Dr. Iqbal Munir and Dr. Manish Mehta ignored Allen's serious and
3  prolonged medical condition.  <u>Both doctors at the time were Allen's Primary</u>
4  <u>Care Providers</u>.  Allen was not provided blood tests or a (MRI) to diagnose his
5  serious and prolonged illness.  See Telemedicine Services Clinic Note attached
6  as Exhibit V (2 pages).

7  35.    On September 29, 2016, Allen was interviewed at the (CSP-LAC) facility A
8  medical clinic by Defendant Dr. Gian Hernandez, <u>who at the time was also Allen'</u>
9  <u>Primary Care Provider</u>.  Allen informed Dr. Hernandez that, "he was feeling
10  terrible, he is experiencing severe lower back pain, weakness, weight loss,
11  ulcerations and pain within the tissue of his mouth."  Dr. Hernandez acknow-
12  ledged and documented Allen's serious medical illness, <u>(especially Allen's</u>
13  <u>weight loss of "50" pounds in 6 months</u>).  Dr. Hernandez ignored Allen's serious
14  and prolonged illness.  Allen was not provided blood tests or a (MRI) to
15  diagnose his medical illness.  See Dietary Nourishment and Supplement Order
16  CDCR 7538 sheet, and Primary Care Provider Progress Note attached as Exhibit W
17  (2 pages).

18  36.    On October 5, 2016, Allen was interviewed by Dr. Manish Mehta at the
19  (CSP-LAC) facility A medical clinic.  Allen informed Dr. Mehta of his severe
20  back pain, weight loss, and over all poor medical condition.  Dr. Mehta acknow-
21  ledged Allen's significant weight loss.  Dr. Mehta ignored Allen's serious and
22  prolonged medical illness. Allen was not provided blood tests or a (MRI) treat-
23  ment to diagnose his serious medical illness.  See Dietary Nourishment and
24  Supplement Order CDCR 7538 attached as Exhibit X.

25  37.    On October 10, 2016, Allen submitted a CDC 7362 Health Care Request form
26  to the (CSP-LAC) facility A medical clinic <u>requesting Defendants</u>, doctors
27  Iqbal Munir and Manish Mehta <u>to provide me a Magnetic Resonance Imaging (MRI)</u>
28  <u>test</u> in order to diagnose tissue and muscle damage of my lower back and hip

joint.  Allen's medical request was ignored.  Allen was not provided blood

tests or a (MRI) treatment to diagnose his serious and prolonged medical ill-

ness.  See Health Care form CDC 7362 attached as Exhibit **Y**.

38.    On October 11, 2016, Allen was interviewed at the (CSP-LAC) facility A

medical clinic by Registered Nurse J. Ngugi.  Nurse Ngugi documented Allen's

impaired physical mobility related to his lower back and right hip pain. Allen'

serious medical condition was ignored by Defendant Dr. Manish Mehta was also

present at the medical clinic while Allen was being interviewed.  Allen was not

provided a blood test or a (MRI) treatment to diagnose his serious and pro-

longed medical illness.  See Encounter Form: Musculoskeletal Complaint form

attached as Exhibit Z (3 pages).

39.    On November 3, 2016, Allen submitted a CDC 7362 Health Care Request form

to the (CSP-LAC) facility A medical clinic informing medical officials that,

"I am experiencing a <u>high level of lower back pain and right hip-joint pain,</u>

<u>and restricted range of motion, loss of back strength.  Allen requested an (MRI)</u>

<u>test to diagnose tissue/ muscle damage in his back</u>."  Allen's request for

medical treatment were ignored.  Allen was not provided a blood tests or a (MRI)

test treatment to diagnose his serious and prolonged medical illness.  See CDC

7362 Health Care form attached as Exhibit **A-1**.

40.    On December 18, 2016, Allen submitted a CDC 7362 Health Care Request

form to the (CSP-LAC) facility A medical clinic informing medical officials

that, "<u>I am experiencing a high level of lower back pain, the pain is growing</u>

<u>in tensity.  I am experiencing consistent (numbness) in my upper left leg area</u>

<u>and at the bottom front part of both my feet</u>.  On December 10, 2016, I fell

and injured myself due to the deteriorated condition of my lower back and res-

tricted range of motion, and loss of strength."  Allen requested a Magnetic

Resonance Imaging (MRI) test.  Allen's request for treatment were ignored.

Allen was not provided blood tests or a (MRI) treatment to diagnose his serious

1  and prolonged medical illness.  See Health Care form CDC 7362 attached as

2  Exhibit A-2.

3  41.   On December 19, 2016, Allen was interviewed by Registered Nurse J. Ngugi

4  at the (CSP-LAC) facility A medical clinic.  Nurse Ngugi documented Allen's

5  impaired physical mobility related to his chronic lower back pain.  Allen's

6  serious medical condition was ignored by Dr. Manish Mehta who was Allen's

7  current Primary Health Care Provider.  Allen was not provided blood tests or a

8  (MRI) test treatment to diagnose his serious and prolonged medical illness.

9  See Encounter Form: Musculoskeletal Complaint form attached as Exhibit A-3

10 (3 pages).

11 42.   On December 27, 2016, Allen became "incapacitated" due to severe back

12 pain, weakness of his left leg with numbness and paralysis.  Defendant Dr. Man-

13 ish Mehta who was Allen's Primary Care Provider requested the medical emergency

14 Off-Site hospital transfer.  Allen was transferred to (Palm Dale Regional

15 Medical Center).  Allen had now suffered a serious undiagnosed medical illness

16 for approximately 1 year and 7 months without being provided blood tests or a

17 (MRI) test to diagnose his serious medical illness.  See Health Care Physician

18 Request for Services form attached as Exhibit A-3.

19 43.   On December 27, 2016, while admitted to (Palm dale Regional Medical

20 Center), Palm Dale California, Allen received a Magnetic Resonance Imaging (MRI)

21 test on his back.  At that time Allen was diagnosed as having the medical

22 condition of, "severe discitis/osteomyelitis at L3-4 spine column with erosion

23 of the endplates and paraspinal abscessess."  See Palm Dale Reginal Medical

24 Center MRI Spine Lumbar w/+ w/o contrast Final Report attached as Exhibit A-5

25 (2 pages).

26 44.   On December 28, 2016, while admitted to (Palm Dale Regional Medical

27 Center), Allen received blood tests.  At that time Allen was diagnosed as hav-

28 ing the medical condition of, "Valley Fever, Coccidioidoomycosis (cocci)

12

1  infection." See Palm Dale Reginal Medical Center Laboratory Tests Results

2  attached as Exhibit **A-6**.

3  45.    On December 30, 2016, Allen was transferred from (Palm Dale Reginal

4  Medical Center) to (Dignity Health Mercy Hospital, Bakersfield) due to the

5  severity of his medical condition and for higher level of care. Allen was

6  admitted to emergency care at (Mercy Hospital, Bakersfield). See Mercy Hospi-

7  tal Emergency Room Report attached as Exhibit **A-7** (4 pages).

8  46.    On January 3, 2017, while admitted at Mercy Hospital, Allen received

9  an emergency operation on his "spinal column and spine" performed by (Dr. Timo-

10  thy Wiebe (Neurosurgeon), involving "Bilateral L3-4 laminectomies, medical

11  facetectomies, and decompression, bilateral diskectomies. See Operation Report

12  Mercy Hospital attached as Exhibit **A-8** (2 pages).

13  47.    On January 7, 2017, Allen was discharged from Mercy Hospital, Bakers-

14  field, to the infirmary at Lancaster State Prison, California, where he remain-

15  ed under acute care. See Mercy Hospital Physician Discharge attached as Exhibit

16  **A-9**.

17  48.    On January 24, 2017, while admitted to the infirmary at (CSP-LAC),

18  Allen was "re-admitted" to Mercy Hospital, Bakersfield, due to "lower extremity

19  cellulitis, edema, ankle pain/multifactional, acute chronic kidney damage due

20  to the large volume of antifungal antibiotics treatment that I was receiving

21  intravenously in order to treat the life threatening Valley Fever infection

22  that I had contracted in May of 2015." Allen was again discharged from Mercy

23  Hospital on January 30, 2017, to the infirmary at Lancaster State Prison where

24  he remained under acute care. See Mercy Hospital Discharge Summary attached as

25  Exhibit **A-10**.

26  49.    On January 25, 2017, Allen received a CT Abdomen Pelvis Wo Con Exam,

27  performed at Mercy Hospital, Bakersfield. The exam documents the extent of the

28  spine and spinal column damage that Allen suffered as a result of Valley Fever

13

1  (cocci) infection that went <u>undiagnosed</u> for approximately **1 year** and **7 months**
2  by Allen's Primary Care Providers, Dr. A.M. Chen, Dr. Iqbal Munir, Dr. Gian
3  Hernandez, and Dr. Manish Mehta who callously ignored Allen's continuous
4  requests and pleas for medical treatment of his obvious, serious, and prolonged
5  medical illness.  Who failed to provide Allen blood tests or a (MRI) treatment
6  which would have <u>revealed and diagnosed</u> the exact nature of Allen's serious and
7  prolonged illness.  See Exam Result Mercy Hospital attached as Exhibit **A-11**
8  (2 pages).

9  50.    On February 10, 2017, Allen was discharged from the (CSP-LAC) infirmary
10  and rehoused among the General Population of Inmates at (CSP-LAC) facility A
11  (PPF).  The duration of Allen's hospitalization under acute care and treatment
12  extended from <u>December 27, 2016 - February 10, 2017</u>, approximately (45) days.

13  51.    On February 27, 2017, Allen received a Magnetic Resonance Imaging (MRI)
14  Lumbar Spine w/o contrast exam, ordered by his Primary Care Provider at that
15  time, Dr. A. Johal.  <u>The exam further documents the present deteriorated con-</u>
16  <u>dition of Allen's spine and spinal column and over all diseased condition of</u>
17  <u>Allen's spine</u>.  See CDCR Health Care Services (CSP-LAC) document attached as
18  Exhibit **A-12** (2 pages).

19  52.    On June 3, 2017, Allen submitted a CDC 7362 Health Care Request form to
20  the (CSP-LAC) facility A medical clinic informing medical officials that, "I am
21  experiencing constant and significant lower back pain, and increased pain when
22  I lay down and attempt to sleep through the night."  See Health Care form CDC
23  7362 attached as Exhibit **A-13**.

24  53.    On January 3, 2017, through April 10, 2017, Allen was prescribed
25  "morphine" to treat his high level of back pain.  Allen discontinued the use
26  of morphine on April 10, 2017, due to fear of becoming "addicted" to the drug.
27  Allen continues to suffer from a high level of back pain due to extensive and
28  significant spine and spine column damage.  See Medication History sheet

1  attached as Exhibit **A-14** (2 pages).

2  54.   On September 11, 2017, Allen submitted a CDC 7362 Health Care Request

3  form to the (CSP-LAC) facility A medical clinic informing medical officials

4  that, "I am experiencing significant lower back pain when either I sit down or

5  lay down to sleep.  I am experiencing (numbness) at the pads of both of my

6  front bottom feet."  See CDC 7362 Health Care form attached as Exhibit **A-15**.

7  55.   On December 17, 2017, Allen submitted a CDC 7362 Health Care Request

8  form to the (CSP-LAC) facility A medical clinic informing medical officials

9  that, "I am experiencing chronic high level lower back pain.  I am experiencing

10  mobility impairment.  I am experiencing numbness in my hands and feet."  See

11  CDC Health Care form attached as Exhibit **A-16**.

12  56.   On May 4, 2017, Allen was interviewed at Mercy Hospital, Bakersfield,

13  by Dr. Timothy Wiebe (Neurosurgeon) who performed the January 3, 2017 spine

14  operation on Allen.  Allen questioned Dr. Wiebe extensively regarding his

15  medical history, current spine damage, and long term medical prognosis.

16  Dr. Wiebe informed Allen that his spine disc in the L3-4 region of his back had

17  been completely "eaten away by the Valley Fever (cocci) infection, and causing

18  significant erosion of the spine bone endplates" before I received his opera-

19  tion treatment.  Dr. Wiebe informed me that I have suffered serious and perman-

20  ent damage to my spine that will perpetuate life long chronic pain, and a con-

21  tinuous medically degenerative spine condition.  "Dr. Wiebe candidly informed

22  me that I must psychologically prepare for significant physical debilitation

23  for the remainder of my natural life span."  Dr. Wiebe informed me that in order

24  for such a dramatic medical condition to have developed (my L3-4 spine disc

25  completely eaten away, and erosion of spine bone endplates), the Valley Fever

26  (cocci) infection must have existed and flourished in my spine region for many

27  months.  See Physician Note Final Report Mercy Hospital attached as Exhibit

28  **A-17** (2 pages).

15

57.    In December 2014, the federal court-appointed Receiver in charge of
California Department of Corrections and Rehabilitation medical care, and
the (CDCR) established a new Valley Fever policy that adopts the federal
government's Center for Disease Control (CDC) recommendations, including
those regarding the (cocci) skin test.  The policy became effective in the
(CDCR) on January 2016.  The Defendant Dr. S. Morris, as Chief Medical
Executive at California State Prison-Lancaster (CSP-LAC) is a licensed
physician who provides clinical management, supervision and leadership to
all medical clinicians and supervises the delivery of health care services,
as well as responsible for the implementation, monitoring, and evaluation
of the (Coccidioidomycosis Skin Test Policy).  Over the course of 1 year
and 7 months while Allen was infected with Valley Fever (cocci), Dr. Morris
failure to implement, and monitor the application of the Coccidioidomycosis
Skin Test Policy by (CSP-LAC) medical officials negligently and significant-
ly contributed to Allen contracting Valley Fever, and the deadly infection
remaining undiagnosed and untreated in Allen's medical case over the course
of 1 year and 7 months.  Dr. S. Morris' failure to perform his adminis-
trative duties of implementation, monitoring, and supervising medical
officials at (CSP-LAC) in the application of the (cocci skin test) has
caused Allen significant emotional, mental, serious and permanent physical
injuries.  See California Correctional Health Care Services Public Health
Coccidioidomycosis Skin Test Policy attached as Exhibit A-18 (5 pages).

58.    On July 20, 2016, Allen filed a CDCR 602 HC Patient-Inmate Health
Care Appeal requesting EPIDEMIOLOGY TESTING.  Upon information and belief,
this request for medical treatment was "denied" at the Chief Medical
Executive Level of review by Defendant Dr. S. Morris.  See CDCR 602 HC
form attached as Exhibit A-19 (2 pages).

////

59.    On August 9, 2016, Allen wrote a formal letter to Defendant Dr. S. Morris regarding his thyroid illness ("hyperthyroidism") which is a "autoimmune thyroid disorder." Allen made a formal complaint to Dr. S. Morris concerning the failure of medical officials at (CSP-LAC) to provide him with adequate medical treatment.  See Formal Letter attached as Exhibit A-20.

60.    On October 20, 2016, Allen's request for medical treatment to adequately address his hyperthyroidism illness was "denied" by Defendant Dr. S. Morris, Chief Medical Executive at (CSP-LAC).  Upon information and belief, Dr. Morris knew or should have known that Allen's severely weakened immune system due to his medically documented "autoimmune thyroid disorder" also placed Allen at High Risk of contracting Valley Fever (cocci) infection.  See Institution Response for Second Level HC Appeal attached as Exhibit A-21 (2 pages).

61.    Upon information and belief, Defendant Dr. S. Morris, Chief Medical Executive at (CSP-LAC), knew or should have known that several prisoners had contracted Valley Fever infection while incarcerated at California State Prison-Lancaster, Facility A.  California prisoners (HARTMAN, CDCR# C-19449) and (MOSLEY, CDCR# P-66842) both contracted Valley Fever while incarcerated at (CSP-LAC) facility A.  These prisoners contracted Valley Fever several months "before" Allen contracted the Valley Fever infection in May of 2015 while incarcerated at (CSP-LAC) facility A.  Dr. S. Morris failed to inform the General Inmate population at (CSP-LAC) that prisoners with certain medical conditions face a serious risk of getting very sick or dying if they catch Valley Fever.  Dr. Morris' failure to perform administrative responsibilities and duties negligently and significantly contributed to Allen contracting Valley Fever while incarcerated at (CSP-
////

17

1  LAC) facility A, and being undiagnosed or medically treated for the disease

2  for over 1 year and 7 months.  Dr. S. Morris' actions have caused Allen

3  significant emotional, mental, serious and permanent physical injuries.

4

5               **IV.   EXHAUSTION OF LEGAL REMEDIES**

6  62.    Plaintiff Allen used the prisoner grievance procedure available at

7  California State Prison, Lancaster, to seek a resolution to the problem.

8  On April 23, 2017, plaintiff Allen presented the Health Care Appeals

9  Coordinator (HCAC) at (CSP-LAC) the facts relating to this complaint.

10 On June 7, 2017, plaintiff Allen was sent a response by the (CSP-LAC)

11 Chief Medical Executive, Dr. S. Morris, informing me that the grievance had

12 been partially granted.  On June 29, 2017, he appealed the partially

13 granted status of the grievance to the Director of Health Care.

14 On September 26, 2017, plaintiff Allen was sent a response by the Deputy

15 Director informing me that no changes or modifications are required by the

16 institution.  Allen's grievance appeal is attached as Exhibit **A-22**

17 (6 pages).

18

19               **V.  LEGAL CLAIMS**

20 63.    Plaintiff realleges and incorporates by reference paragraphs 1-62.

21 64.    Defendant Dr. S. Morris, as Chief Medical Executive at California

22 State Prison-Lancaster, <u>failed to properly supervise or train medical staff</u>

23 in the implementation of statewide procedures for Coccidioidomycosis (cocci)

24 Valley Fever infection tests and evaluation.  As a consequence, Plaintiff

25 Allen after contracting Valley Fever disease while incarcerated at Lancaster

26 State Prison, facility A, <u>remained undiagnosed and untreated by medical</u>

27 <u>staff for approximately **1 year** and **7 months**.</u>  Dr. Morris had complete

28 ////

access to Allen's medical record and knew of his persistent complaints that
he was suffering from an undiagnosed disease within his body, and of the
documented history of his deteriorated health and serious medical condition.
At that time, Dr. Morris knew that Allen had "serious medical needs."
Dr. Morris knew about (or had reason to know of) other prisoners who con-
tracted Valley Fever while incarcerated at Lancaster State Prison, facility
A, inmates (HARTMAN, CDCR# C-19449) and (MOSLEY, CDCR# P-66842).  Dr. Morris
failed to order medical staff to perform blood tests, or a Magnetic Reso-
nance Imaging (MRI) test treatment for Valley Fever (cocci) disease in Allen
with symptoms that called for them, and resulted in further significant
injury to him (severe spine damage) and the unnecessary and wanton inflic-
tion of pain.  Dr. Morris knew about and was "deliberately indifferent" to
to Allen's serious medical needs.  The Eighth Amendment requires that prison
officials provide a system of ready access to adequate medical care.  The
medical staff must be competent to deal with the prisoner's problems.  The
medical staff must be competent to examine prisoners and diagnose illnesses.
It must be able to treat medical problems or to refer prisoners to others
who can.  Dr. S. Morris' action violated plaintiff Allen's rights under the
Eighth Amendment to the United States Constitution, and caused Allen
emotional and mental distress, extreme pain and suffering, and permanent
physical injury. (Refer to Exhibits A-19, A-20, A-21, and A-22).

65.    Defendant Dr. A.M. Chen, as plaintiff Allen's primary care provider,
on numerous occasions personally observed Allen's deteriorated physical
condition during an interview, and made medical documentation of his per-
sistent complaints that he was suffering from an undiagnosed disease within
his body.  On numerous occasions Allen informed Dr. Chen that he was exper-
iencing, "night sweats, fever, rapid weight loss, joint pain, serious
////

1  ulcerations of the tissue within his mouth, chronic and severe back pain,

2  loss of strength, reappearing infections, etc." But she did not take mini-

3  mally competent steps to deal with Allen's medical condition.  Dr. Chen

4  medically documented that, "Inmate/Patient (Allen) is experiencing a re-

5  appearing unknown infection that is non-responsive to antibiotic treatment."

6  At that time Dr. Chen knew that Allen had "serious medical needs."  Allen's

7  symptoms clearly indicated that he was experiencing disseminated Valley

8  Fever (cocci) infection, which means the infection travels from the lungs to

9  other places in the body including skin, joints, bones, other organs, and

10  brain.  Dr. Chen failed to provide blood tests, or a Magnetic Resonance

11  Imaging (MRI) test treatment for Valley Fever disease in Allen with symptoms

12  that called for them, and resulted in further significant injury to him

13  (severe spine damage) and the unnecessary and wanton infliction of pain.

14  Dr. Chen knew about and was "deliberately indifferent" to Allen's serious

15  medical needs.  Dr. Chen' action violated plaintiff Allen's rights under

16  the Eighth Amendment to the United States Constitution, and caused Allen

17  emotional and mental distress, extreme pain and suffering, and permanent

18  physical injury. (Refer to Exhibits A-M).

19  66.    Defendant Dr. Iqbal Munir, as plaintiff Allen's primary care provider,

20  on numerous occasions personally observed Allen's deteriorated physical

21  condition during an interview, and made medical documentation of his per-

22  sistent complaints that he was suffering from an undiagnosed disease within

23  his body.  Dr. Munir had complete access to Allen's medical record and knew

24  of the documented history of Allen's deteriorated health and serious medical

25  condition.  Dr. Munir consulted with (Dr. Lee) and Defendant (Dr. Manish

26  Mehta) concerning Allen's persistent complaints of serious illnesses, severe

27  back and hip joint pain, etc.  Allen's symptoms ("infections non-responsive

28  ////

1  to antibiotics, rapid weight loss, chronic and severe pain in his joints

2  and back, etc.") clearly indicated that he was experiencing disseminated

3  Valley Fever infection.  But Dr. Munir did not take minimally competent

4  steps to deal with Allen's medical condition.  At that time Dr. Munir knew

5  that Allen had "serious medical needs."  Dr. Munir failed to provide blood

6  tests, or a Magnetic Resonance Imaging (MRI) test treatment for Valley

7  Fever disease in Allen with symptoms that called for them, and resulted in

8  further significant injury to him (severe spine damage) and the unnecessary

9  and wanton infliction of pain.  Dr. Munir knew about and was "deliberately

10 indifferent" to Allen's serious medical needs.  Dr. Munir' action violated

11 plaintiff Allen's rights under the Eighth Amendment to the United States

12 Constitution, and caused Allen emotional and mental distress, extreme pain

13 and suffering, and permanent physical injury. (Refer to Exhibits **T, U, V,**

14 **and Y**).

15 67.    Defendant Dr. Gian Hernandez, as plaintiff Allen's primary care

16 provider, on numerous occasions personally observed Allen's deteriorated

17 physical condition during an interview, and made medical documentation of

18 his persistent complaints that he was suffering from an undiagnosed disease

19 within his body.  Dr. Hernandez had complete access t'k Allen's medical

20 record and knew of the documented history of Allen's deteriorated health

21 and serious medical condition.  Allen's symptoms ("infections non-respon-

22 sive to antibiotics, rapid weight loss, chronic and severe pain in his

23 joints and back, etc.") clearly indicated that he was experiencing dissem-

24 inated Valley Fever infection.  But Dr. Hernandez did not take minimally

25 competent steps to deal with Allen's medical condition.  At that time

26 Dr. Hernandez knew that Allen had "serious medical needs."  Dr. Hernandez

27 failed to provide blood tests, or a Magnetic Resonance Imaging (MRI) test

28 ////

1  treatment for Valley Fever disease in Allen with symptoms that called for
2  them, and resulted in further significant injury to him (severe spine
3  damage) and the unnecessary and wanton infliction of pain.  Dr. Hernandez
4  knew about and was "deliberately indifferent" to Allen's serious medical
5  needs.  Dr. Hernandez' action violated plaintiff Allen's rights under the
6  Eighth Amendment to the United States Constitution, and caused Allen emo-
7  tional and mental distress, extreme pain and suffering, and permanent
8  physical injury. (Refer to Exhibits **T, and W**).
9  68.    Defendant Dr. Manish Mehta, as plaintiff Allen's primary care
10 provider, on numerous occasions personally observed Allen's deteriorated
11 physical condition during an interview, and made medical documentation of
12 his persistent complaints that he was suffering from an undiagnosed disease
13 within his body.  Dr. Mehta had complete access to Allen's medical record
14 and knew of the documented history of Allen's deteriorated health and
15 serious medical condition.  Dr. Mehta consulted with Defendant (Dr. Iqbal
16 Munir) and (Dr. Lee) concerning Allen's persistent complaints of serious
17 illnesses, severe back and hip joint pain, etc.  Allen's symptoms ("infec-
18 tions non-responsive to antibiotics, rapid weight loss, chronic and severe
19 pain in his joints and back, etc.") clearly indicated that he was experienc-
20 ing disseminated Valley Fever infection.  But Dr. Mehta did not take mini-
21 mally competent steps to deal with Allen's medical condition.  At that time
22 Dr. Mehta knew that Allen had "serious medical needs." Dr. Mehta failed to
23 provide blood tests, or a Magnetic Resonance Imaging (MRI) test treatment
24 for Valley Fever disease in Allen with symptoms that called for them, and
25 resulted in further significant injury to him (severe spine damage) and the
26 unnecessary and wanton infliction of pain.  Dr. Mehta knew about and was
27 "deliberately indifferent" to Allen's serious medical needs.  Dr. Mehta'
28 ////

1 | action violated plaintiff Allen's rights under the Eighth Amendment to the
2 | United States Constitution, and caused Allen emotional and mental distress,
3 | extreme pain and suffering, and permanent physical injury. (Refer to Exhibits
4 | M, O, P, S, V, X, and A-4).

5 | 69.   Defendant Scott Kernan is, and during time periods relevant to the
6 | claims alleged in this lawsuit has been employed as Secretary of the Cali-
7 | fornia Department of Corrections and Rehabilitation (CDCR).   As Secretary
8 | he delegates the responsibility for the delivery of health care services
9 | for inmates committed to the (CDCR) to the Health Care Services Division
10 | (HCSD) according to provisions of the Penal Code and in compliance with
11 | California and Federal laws.   Defendant Kernan has failed to maintain
12 | oversight of the Health Care Services Division at California State Prison-
13 | Lancaster.   The (HCSD) has failed to implement the statewide procedure of
14 | providing California prisoners a Coccidioidomycosis (cocci) blood test.
15 | As a result, plaintiff Allen suffered approximately **1 year** and **7 months**
16 | with a severe Valley Fever infection that caused him emotional and mental
17 | distress, extreme pain and suffering, and permanent physical injury.
18 | Defendant Kernan' action violated plaintiff Allen's rights under the Eighth
19 | Amendment to the United States Constitution.

20 | 70.   Defendant Debbie Asuncion is, and during time periods relevant to
21 | the claims alleged in this lawsuit has been employed as Warden of the Cali-
22 | fornia State Prison, Los Angeles County-Lancaster State Prison.   As Warden
23 | she delegates the responsibility for the establishment of a Local Operating
24 | Procedure to implement the statewide procedure of providing prisoners at
25 | Lancaster State Prison a Coccidioidomycosis (cocci) blood test.   Defendant
26 | Asuncion has failed to maintain oversight of the Health Care Services
27 | Division (HCSD) at Lancaster state prison who has failed to implement the
28 | ////

1  (cocci) statewide blood test procedure.  As a result, plaintiff Allen who

2  contracted Valley Fever while incarcerated at Lancaster State Prison,

3  facility A, was denied blood test treatment for approximately **1 year** and

4  **7 months** to diagnose his Valley Fever infection.  Defendant Asuncion'

5  action violated plaintiff Allen's rights under the Eighth Amendment to the

6  United States Constitution,  and caused Allen emotional and mental distress

7  extreme pain and suffering, and permanent physical injury.

8  71.      Individual defendants, Dr. S. Morris, Dr. A.M. Chen, Dr. Iqbal Munir

9  Dr. Gian Hernandez, and Dr. Manish Mehta in plaintiff Allen's case, all

10  knew that he was suffering from "<u>reappearing infections that are non-</u>

11  <u>responsive to antibiotic treatment, and severe back and joint pain.</u>"  A

12  licensed physician should recognize that a patient who is experiencing

13  "reappearing infections that are non-responsive to antibiotics, severe back

14  and joint pain,"has a serious medical illness, requiring "serious medical

15  needs."  Defendants denied Allen medical treatment to the point that he

16  physically collapsed, became "<u>incapacitated</u>" on (December 27, 2016) due to

17  <u>extreme pain and his spine and spine column being ravaged by a Valley Fever</u>

18  <u>infection</u>.  Once Allen was admitted to an Off-Site hospital for emergency

19  treatment, it took less than 24 hours for doctors to diagnose his medical

20  condition, "severe Valley Fever infection, and severe  spine and spine bone

21  infection."  The medical treatment that Off-Site doctors provided to Allen

22  in <u>24 hours</u>, (blood tests, and an (MRI)), all individual defendants refused

23  to provide to him over the course of **1 year** and **7 months**.  The individual

24  defendants knew about Allens "serious medical needs" and were "deliberately

25  indifferent" in the face of that knowledge.  The denial of adequate treat-

26  ment by the individual defendants caused further significant injury to

27  Allen, the severe damage to his spine and spine column has effectively

28  ////

1 | "crippled" him for the remainder of his natural life. The individual
2 | defendants action violated plaintiff Allen's rights under the Eighth Amend-
3 | ment to the United States Constitution, and caused Allen emotional and
4 | mental distress, extreme pain and suffering, and permanent physical injury.
5 | 72.    Plaintiff Allen has no plain, adequate or complete remedy at law to
6 | redress the wrongs described herein.  Plaintiff has been and will continue
7 | to be irreparably injured by the conduct of the defendants unless this
8 | court grants declaratory and injunctive relief which plaintiff seeks.
9 |
10 |                  VI.   PRAYER FOR RELIEF
11 | WHEREFORE, plaintiff respectfully prays that this court enter judgment:
12 | 73.    Granting Plaintiff Allen a declaration that the acts and omissions
13 | described herein violate his rights under the Constitution and laws of the
14 | United States, and
15 | 74.    A preliminary and permanent injunction ordering defendant Scott
16 | Kernan immediately administrate and maintain oversight of the established
17 | Valley Fever policy at each (CDCR) institution to ensure the implementation
18 | and regular medical practice and procedure of providing a Coccidioidomy-
19 | cosis (cocci) blood test to California prisoners, and
20 | 75.    A preliminary and permanent injunction ordering defendant Debbie
21 | Asuncion to immediately administrate and maintain oversight of the (CDCR)
22 | established Valley Fever policy at Los Angeles County-Lancaster State
23 | Prison (CSP-LAC) to ensure the implementation and regular medical practice
24 | and procedure of providing a Coccidioidomycosis (cocci) blood test to
25 | prisoners incarcerated at (CSP-LAC), and
26 | 76.    Granting Plaintiff Allen compensatory damages in the amount of
27 | $250,000 against each defendant, jointly and severally.
28 | ////

1   The compensatory damages amount is based on plaintiff's severely damaged
2   spine and spine column (plaintiff cannot walk, sit down, or lay down for
3   rest or sleep for extended periods of time without a continuous and severe
4   increase in back pain).  The severity of plaintiff's spine injury will
5   further cause him significant loss in "career wages" because his mobility
6   and strength have been significantly impaired.  Plaintiff has achieved a
7   "Doctorate degree in Theology" (See academic record attached as Exhibit
8   A-23 (5 pages).  His ability to secure future wages and earnings in accor-
9   dance with his professional credentials has been greatly compromised due
10  to his severe spine injury.  Plaintiff is now (56) years of age, the injury
11  defendants have caused him has completely changed his life from medically
12  treatable ailments to, medically non-treatable and accelerated degenerative
13  ailments.  During the course of 1 year and 7 months while plaintiff persis-
14  tently informed defendants of his medical condition of severe joint and
15  back pain, and was denied medical treatment by defendants, and remained
16  undiagnosed with Valley Fever infection; 1. the (cocci) infection complet-
17  ely ate away the spine disc in the L3-4 region of his spine column (no re-
18  placement was provided), 2. it caused erosion of the endplates of his
19  spinal column, 3. it caused several paraspinal abscesses to develop and
20  needed to be surgically removed, 4. it caused a significant amount of
21  paraspinous tissue necrosis and the tissue needed to be surgically removed,
22  5. it caused significant nerve damage to his lower extremities (chronic
23  numbness at the front bottom of both feet).  Plaintiff has suffered numer-
24  ous debilitating illnesses and extreme pain continuously for approximately
25  3 years due to the medical "deliberate indifference" and violation of his
26  rights by defendants.  The action of defendants have caused plaintiff a
27  severe, degenerative, and permanent injury to his spine and spine column,
28  ////

26

1   he has been "crippled," and will need lifelong specialized medical atten-

2   tion and care.  For the value of the parts of plaintiff's body that have

3   been destroyed, for the value of his normal physical functioning which can-

4   not be replaced or restored, and for continuous "pain and suffering,"

5   plaintiff seeks compensatory damages against each defendant.

6   77.    Plaintiff Allen seeks punitive damages in the amount of $50,000

7   against each defendant, jointly and severally.  The punitive damages amount

8   is based on defendants "reckless and callous indifference to plaintiff

9   Allen's rights." Defendants, Dr. S. Morris, Dr. A.M. Chen, Dr. Iqbal Munir,

10  Dr. Gian Hernandez, and Dr. Manish Mehta knew that Allen was suffering from

11  reappearing infections that were non-responsive to antibiotics.  They knew

12  based on visual observation and medical documentation that Allen's physical

13  health was steadily deteriorating.  Defendants knew that Allen was suffer-

14  ing from severe joint and back pain, and episodes of partial paralysis of

15  body function through the agency of their individual accumulated medical

16  education and knowledge.  Denying Allen blood tests, or a Magnetic Reso-

17  nance Imaging (MRI) test (during the course of 1 year and 7 months) to

18  diagnose the source of the unknown infections, and the source of his severe

19  joint and back pain and partial paralysis, was so clearly dangerous to

20  Allen's physical health that, the conduct of the defendants placed Allen

21  in a situation they knew was likely to expose him to serious physical harm.

22  Each individual defendant knew that he or she had a responsibility under

23  the Eighth Amendment of the United States Constitution to provide Allen

24  adequate medical care and treatment.  Each defendant, as a licensed and

25  experienced physician, knew that the denial of medical treatment to ident-

26  ify Allen's severe illness would result in him reaching a completely

27  enfeebled physical condition, or his death.  Each individual defendant,

28  ////

27

1   through their reckless, callous, and non-compassionate conscience toward

2   Inmates/Prisoners, personally condemned plaintiff Allen to indefinite

3   "pain, suffering, and a lifelong serious injury." Plaintiff seeks punitive

4   damages against each defendant.

5   78.   Plaintiff also seeks a jury trial on all issues triable by jury,

6   79.   Plaintiff also seeks recovery of his costs in this suit, and

7   80.   Any additional relief this court deems just, proper, and equitable.

8

9   Dated: March 29, 2018

10  Respectfully submitted,
    BRUCE ALLEN
11  CDCR# C-61243
    P.O. BOX 4430, FAB1-146
12  LANCASTER, CALIFORNIA 93539

13

14                          **VERIFICATION**

15      I have read the foregoing complaint and hereby verify that the matters

16  alleged therein are true, except as to matters alleged on information and

17  belief, and, as to those, I believe them to be true. I certify under

18  penalty of perjury that the foregoing is true and correct.

19      Executed at Lancaster State Prison, California on

20  BRUCE ALLEN
    BRUCE ALLEN

21

22

23

24

25

26

27

28  ////